UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN ALVARADO,<br>Plaintiff,<br>v.<br>360 MORTGAGE GROUP, LLC,<br>Defendant. | Case No. 17-cv-04655 NC<br><br>**ORDER GRANTING 360 MORTGAGE'S MOTION TO DISMISS; ORDER GRANTING IN PART LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 4 |

In this mortgage foreclosure case, defendant 360 Mortgage Group, LLC moves to dismiss plaintiff Cristian Alvarado's complaint. For the reasons stated below, the Court GRANTS 360 Mortgage's motion to dismiss, and gives Alvarado LEAVE TO AMEND the complaint as to the negligence and Unfair Competition Law claims. The claims under California Civil Code §§ 2923.5 and 2923.7 are DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

Alvarado owns a house in Hollister, California. He purchased the house in 2015 subject to a mortgage. Dkt. No. 1-1 at 5, 9. In December 2016, Alvarado lost his job, and thereafter began to fall behind on his mortgage payments. *Id*. at 9. Alvarado alleges that he learned of the foreclosure proceedings "initiated against him" when he called 360 Mortgage to request a foreclosure prevention alternative in January 2017. *Id*. at 10. It is undisputed that 360 Mortgage never assigned Alvarado a single point of contact (SPOC). *Id*. According to Alvarado, a 360 Mortgage representative falsely informed him that he

Case No. 17-cv-04655 NC

1  could not apply for a foreclosure prevention alternative, and that there was no point in him
2  applying for a loan modification because of his unemployment. *Id*.

On April 3, 2017, 360 Mortgage, Alvarado's mortgage servicer, recorded a Notice of Default and Election to Sell against the property. *Id*. at 9. Alvarado alleges he "never received any correspondence, phone calls and had no voicemails from 360 Mortgage prior to recordation of the" Notice of Default. *Id*. A Notice of Trustee's Sale was recorded against the property on July 7, 2017. *Id*. at 11.

Alvarado filed this case in San Benito County Superior Court on August 4, 2017, alleging violations of California Civil Code §§ 2923.5 and 2923.7, negligence, and California Business and Professions Code § 17200 ("Unfair Competition Law" or "UCL"). Dkt. No. 1-1 at 4. 360 Mortgage removed this case on the basis of diversity jurisdiction on August 11, 2017. Dkt. No. 1 at 2. In response to the Court's order to show cause regarding the citizenship of the members of 360 Mortgage Group, LLC, 360 Mortgage attested that each member of the LLC is a partnership, and that each of the members of those partnerships are citizens of Texas. Dkt. Nos. 8, 12 at 2. 360 Mortgage moves to dismiss each claim in Alvarado's complaint. Dkt. No. 4. Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 7, 11.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

360 Mortgage moves to dismiss each of Alvarado's claims. The Court will consider each claim in turn.

### A. Alvarado's California Civil Code § 2923.5 Claim is Dismissed With Prejudice.

360 Mortgage argues Alvarado's Civil Code § 2923.5 claim fails on the basis that: (1) Alvarado has not pled sufficient facts to demonstrate a violation occurred, (2) Alvarado has not shown that any alleged violation of the statute was material, and (3) the declaration attached to the Notice of Default is sufficient to show statutory compliance. Dkt. No. 4 at 17. Alvarado opposes the motion. Dkt. No. 10.

Under Civil Code § 2923.5, a mortgage servicer may not record a notice of default until either (1) 30 days after initial contact is made in person or by calling the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure[,]" or (2) if contact is not made, the servicer has acted with due diligence in its attempt to contact the borrower. Cal. Civ. Code § 2923.5(a)(1)(A), (a)(2), (e). The requirements of due diligence are enumerated in §2923.5(e)(1)-(5).

Here, Alvarado never alleged that 360 Mortgage did not attempt to call him or that it never sent him letters. The complaint states that Alvarado never *received* a call, letter, or voicemail. Dkt No. 1-1 at 9. Alvarado reasserts this point in his opposition to 360 Mortgage's motion. Dkt. No. 10 at 13. This claim may be dismissed on this ground alone. *See Ghuman v. Wells Fargo Bank, N.A.*, 989 F. Supp. 2d 994, 1004-05 (E.D. Cal. 2013) (Section 2923.5 only requires a defendant "attempt" to make contact with due diligence).

Next, the Court also agrees with 360 Mortgage that a § 2923.5 claim is vitiated

Case No. 17-cv-04655 NC 3

when the plaintiff has been in contact with the mortgage servicer regarding a mortgage foreclosure alternative before the notice of default was recorded. *See Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 871 (N.D. Cal. 2015) (collecting cases). This is exactly what Alvarado alleges he did: "Plaintiff discovered that foreclosure proceedings were initiated against him when he called 360 Mortgage to request a foreclosure prevention alternative in early January, 2017." Dkt. No. 1-1 at 10. These contacts were made months before 360 Mortgage filed the Notice of Default on April 3, 2017. Dkt. No. 1-1 at 9. This defect is not curable.

Lastly, as to 360 Mortgage's third argument, that the declaration attached to the Notice of Default is sufficient as a matter of law to defeat a claim under § 2923.5, the Court disagrees. The Court notes that the declaration exists,[1] but does not agree that its existence necessitates the conclusion that the statements contained in the declaration are truthful. Dkt. No. 5-1 at 20. In sum, the Court DISMISSES WITH PREJUDICE the claim under Civil Code § 2923.5.

### B. Alvarado's California Civil Code § 2923.7 Claim is Dismissed With Prejudice.

Second, 360 Mortgage argues that Civil Code § 2923.7 does not apply to it as a small mortgage servicer. Dkt. No. 4 at 9-12. Alvarado does not dispute that 360 Mortgage is a small servicer, but instead argues that the requirements of § 2923.7 should still apply. Dkt. No. 10 at 9-10.

Section 2923.7(a) states that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." However, § 2923.7(g)(1) states that the section does not

---

[1] The Court takes judicial notice of the declaration of compliance. Dkt. No. 5-1 at 20. Alvarado has not opposed the request for judicial notice. The Court GRANTS 360 Mortgage's request for judicial notice, as the document is in the public record and is undisputed. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing Fed. R. Evid. 201).

Case No. 17-cv-04655 NC          4

apply to a person that during the past year "foreclosed on 175 or fewer residential real properties, containing no more than four dwelling units, that are located in California." Cal. Civ. Code § 2923.7(g)(1). Further, Civil Code § 2924.12, which creates a private right of action for violations of § 2923.7, specifically excludes small servicers, which are defined at § 2924.18, and that definition is identical to the definition in § 2923.7. Cal. Civ. Code § 2924.12(j). The upshot of this is that it appears the requirement that a mortgage servicer assign a SPOC upon request did not apply to 360 Mortgage because it was a small mortgage servicer. Alvarado does not dispute that 360 Mortgage is a small servicer. *See* Dkt. No. 10. The Court has not found any evidence to the contrary.

To support its contention that it is a small mortgage servicer, 360 Mortgage proffered the 2016 California Department of Business Oversight Annual Report, pursuant to the California Residential Mortgage Lending Act.[2] That report lists all of the licensed mortgage servicers that foreclosed on more than 175 properties in 2016. 360 Mortgage's name does not appear on that list. Dkt. 5-1 at 38. Alvarado does not dispute that Civil Code § 2923.7 does not apply to small servicers, and does not argue that an exception to the statute exists.

Thus, the Court GRANTS 360 Mortgage's motion to dismiss the § 2923.7 claim. Because nothing would change the fact that 360 Mortgage is a small servicer at this time, the Court does not find that Alvarado could cure the deficiencies in this claim. This claim is DISMISSED WITH PREJUDICE.

**C. Alvarado's Negligence Claim is Dismissed Without Prejudice.**

360 Mortgage moves to dismiss Alvarado's negligence claim on the ground that it owed no legal duty of care to Alvarado. Dkt. No. 4 at 12-14. Alvarado argues 360

---

[2] *Available at* http://dbo.ca.gov/Licensees/Residential_Mortgage/pdf/2016%20CRMLA%20Annual%20Report%20FINAL%207-6-17.1.pdf. 360 Mortgage requests, and Alvarado does not oppose, that the Court take judicial notice of the Annual Report. Dkt. No. 5-1 at 27-38. The Court GRANTS 360 Mortgage's request for judicial notice, as the document is in the public record and is undisputed. *Lee*, 250 F.3d at 689 (citing Fed. R. Evid. 201).

Case No. 17-cv-04655 NC    5

1    Mortgage does owe a duty to him. Dkt. No. 10 at 14-15.

2    "The elements of negligence in California are: (1) defendant had a legal duty to use due care towards the plaintiff; (2) the defendant breached that duty; and (3) the breach was the proximate or legal cause of (4) the resulting injury." *Hutchins v. Nationstar Mortg. LLC*, No. 16-cv-07067 PJH, 2017 WL 4224720, at *14 (N.D. Cal. Sept. 22, 2017) (citing *Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996)). It is for the court to decide whether a legal duty exists under the circumstances of the case. *Vasquez v. Residential Investments, Inc.*, 118 Cal. App. 4th 269, 278 (2004). Generally, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).

"However, courts sometimes apply the so-called *Biakanja* factors to determine whether a duty is owed [to a borrower] under a narrow exception to the general rule." *Hutchins*, 2017 WL 4224720, at *14 (citing *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 945-46 (2014)). These factors are: "the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm." *Anderson v. Deutsche Bank Nat. Tr. Co. Americas*, 649 Fed. Appx. 550, 552 (9th Cir.), *cert. denied sub nom. Anderson v. Aurora Loan Servs., LLC*, 137 S. Ct. 496 (2016) (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)).

In considering whether a loan servicer owes a common law duty to approve a loan modification within a particular time frame, the Ninth Circuit in an unpublished opinion concluded "that application of the *Biakanja* factors does not support imposition of such a duty where, as here, the borrowers' negligence claims are based on allegations of delays in the processing of their loan modification applications." *Id*. *Anderson* cited *Lueras v. BAC Home Loans Servicing, LP* with approval, and quoted the following language: "when, as

Case No. 17-cv-04655 NC        6

here, 'the modification was necessary [sic] due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, [is] not . . . closely connected to the lender's conduct.' Similarly, when 'the lender did not place the borrower in a position creating a need for a loan modification, [ ] no moral blame . . . attache[s] to the lender's conduct.'" *Id.* (quoting *Lueras*, 221 Cal. App. 4th 49, 67 (2013)) (internal citation omitted) (brackets in original).

The Ninth Circuit's decision in *Anderson* was at least in part animated by a split in authority within the California Courts of Appeal between those cases which found lenders owed a duty of care to borrowers once they agreed to consider a loan modification application, *Alvarez*, 228 Cal. App. 4th at 948, and those that did not. *See Lueras*, 221 Cal. App. 4th at 67. As noted above, the Ninth Circuit found that there was no duty where the negligence claim was premised on delays in processing an application.

Here, Alvarado has a weaker case under the *Biakanja* factors than *Anderson*, *Alvarez*, or *Lueras*, because so far as the complaint provides, he never submitted a loan modification application. *Id.* ("The *Biakanja* factors do not support imposition of a common law duty to offer or approve a loan modification."); *see Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1267 (N.D. Cal. 2014) (distinguishing between the lack of duty to offer or approve a loan modification application and the duty to consider an application once submitted).

Alvarado argues 360 Mortgage owed him a duty to exercise reasonable care in "processing and reviewing" his request for a foreclosure prevention alternative. Dkt. No. 1-1 at 13. The facts in this case are different than discussed in *Anderson*, but the same reasoning applies because both deal with the processing of a foreclosure prevention alternative, though *Anderson* dealt with an actual loan modification application. *See Manson v. Guar. Bank*, No. 16-cv02921 MMA (JLB), 2017 WL 1094079, at *4 (S.D. Cal. Mar. 23, 2017) (dismissing a claim for negligence where loan servicer was not diligent in processing a loan modification application).

Even assuming a duty of care existed, Alvarado does not state a claim because he

Case No. 17-cv-04655 NC 7

has not alleged a breach occurred. Alvarado's claims regarding Keep Your Home California are insufficient because the Court has no information regarding what that program is or any factual background about the circumstances leading up to 360 Mortgage's alleged rejection of the offer. Alvarado also claims that 360 Mortgage misled him by informing him that he could not apply for a foreclosure prevention alternative. Dkt. No. 1-1 at 14. This appears to be a fraud allegation, and must meet the requirements of Federal Rule of Civil Procedure 9(b), which provides that "a party must state with particularity the circumstances constituting fraud or mistake." "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In addition, if Alvarado wants this alleged failure to be actionable, he must explain what law it violates.[3]

Thus, the Court finds that 360 Mortgage had no legal duty to Alvarado based on the allegations in the complaint and that even if a duty existed, Alvarado failed to assert a breach of the duty. However, because Alvarado could feasibly amend the complaint to state a claim for negligence under another theory, the Court DISMISSES the negligence claim WITHOUT PREJUDICE.

**D. Alvarado's UCL Claim Is Dismissed Without Prejudice.**

360 Mortgage moves to dismiss Alvarado's UCL claim on the basis that it does not state a claim for unlawful or unfair business practices and because Alvarado lacks standing. Dkt. No. 4 at 16-17. Alvarado opposes the motion. Dkt. No. 10 at 11.

The UCL prohibits unlawful, unfair, or fraudulent business practices. Cal. Bus. & Prof. Code § 17200. "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." *Kenery v. Wells*

---

[3] In Alvarado's opposition, he cites law regarding negligence per se, but provides no argument as to its application to this case. Negligence per se is an evidentiary doctrine that if met creates the presumption of negligence where the defendant violated a statute. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006). For purposes of this motion, the Court finds there has been no statutory violation, so negligence per se is not relevant to this motion.

Case No. 17-cv-04655 NC        8

*Fargo, N.A.*, No. 13-cv-02411 EJD, 2014 WL 129262, at *5 (N.D. Cal. Jan. 14, 2014) (citing *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005)). Here, the Court has dismissed both claims under the California Civil Code with prejudice, and dismissed the negligence claim without prejudice. As a result, there is no freestanding claim for the UCL claim to hook onto. Thus, the claim under the unlawful prong of the UCL is DISMISSED WITHOUT PREJUDICE.

360 Mortgage also challenges Alvarado's ability to bring a claim under the "unfair" prong of the UCL. Alvarado disagrees. It is unclear what conduct Alvarado is alleging is unfair. "[A] practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). The word "unfair" in the UCL "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* at 186. Here, the relevant alleged acts that give rise to the claim under the UCL are that 360 Mortgage "refused to accept the offer from Keep Your Home California" and "misinformed" him that he could not apply for a foreclosure prevention alternative.[4] Dkt. No. 1-1 at 15. The Court lacks facts to know what Keep Your Home California is, and does not know how 360 Mortgage's misinforming Alvarado "violates the policy or spirit" of an unknown law. *Cel-Tech*, 20 Cal. 4th at 186.

In short, the Court requires additional facts as to what happened to Alvarado specifically. If this claim under the "unfair" prong is to have any possibility of surviving a subsequent motion to dismiss, Alvarado must clarify what he is referring to. The claim under the unfair prong is DISMISSED WITHOUT PREJUDICE. Because the Court dismisses this claim on the basis of Rule 12(b)(6), it will not reach the standing issue, except to note that "the threat of foreclosure is sufficient to establish standing under the UCL." *Foronda v. Wells Fargo Home Mortg., Inc.*, No. 14-cv-03513 LHK, 2014 WL

---

[4] Alvarado alleges other "unfair" acts, but those are related to the California Civil Code claims the Court already dismissed.

Case No. 17-cv-04655 NC 9

6706815, at *9 (N.D. Cal. Nov. 26, 2014). This claim is DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS 360 Mortgage's motion to dismiss, and gives Alvarado LEAVE TO AMEND the complaint as to the negligence and UCL claims. The claims under California Civil Code §§ 2923.5 and 2923.7 are DISMISSED WITH PREJUDICE. Alvarado must file his amended complaint by October 30, 2017.

Alvarado may not add new defendants or new claims absent leave of court. If Alvarado does not file a timely amended complaint, the Court will enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: October 16, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge